■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant, and ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Intervenors-Appellants.—Per Curiam. Appeal from an order and judgment of the Supreme Court at Special Term (Connor, J.), entered April 19, 1985 in Albany County, which, in a consolidated proceeding pursuant to CPLR article 78 and action for a declaratory judgment, declared unconstitutional an order of respondent requiring petitioners to include the views of cer-

tain consumer groups in billing envelopes mailed to consumers.

In October 1983, respondent proposed that a Citizens' Utility Board, allegedly representing the interests of residential and small business utility ratepayers, be allowed to communicate with ratepayers through the use of "extra space" in the utilities' billing envelopes. "Extra space" is the space remaining in the billing envelope after the inclusion of the bill and required legal notice, utilization of which will not exceed a total weight of one ounce. In May 1984, respondent adopted a policy allowing such communication to ratepayers. Special Term found that this policy infringed on petitioners' rights under the US Constitution 1st Amendment (127 Misc 2d 1085). This appeal ensued.

The United States Supreme Court recently held that a State agency violates the 1st Amendment by requiring a privately owned utility company to include in its billing envelopes statements of a third party with which it disagrees *(Pacific Gas & Elec. Co. v Public Utils. Commn.,* 475 US __, 89 L Ed 2d 1). In *Pacific Gas,* the Supreme Court struck down a California public utilities commission order that residential utility consumers must be permitted access to the extra space in utility company bills. This case is virtually identical to the case presently before this court and, accordingly, we find *Pacific Gas* to be dispositive of the 1st Amendment issue raised by this appeal.

Order and judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.